**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**SINCLAIR EVERETT**                                                                        **PLAINTIFF**

**vs.**                                                 **CIVIL ACTION NO. 3:11-CV-299-TSL-MTP**

**NATIONAL UNION FIRE INSURANCE**
**COMPANY OF PITTSBURG, P.A.; CHARTIS**
**CLAIMS, INC., formerly known as AIG**
**DOMESTIC CLAIMS, INC.; GALLAGHER**
**BASSETT SERVICE, INC.; J.B. HUNT**
**TRANSPORT, INC. and JOHN AND JANE**
**DOES 1-10**                                                                              **DEFENDANTS**

**J.B. HUNT TRANSPORT, INC.'S**
**MEMORANDUM OF AUTHORITIES IN SUPPORT**
**OF AMENDED MOTION FOR SUMMARY JUDGMENT**

Defendant J.B. Hunt Transport, Inc. ("J.B. Hunt") files this memorandum of authorities in support of its amended motion for summary judgment, which is being filed contemporaneously herewith, as follows:

***Background / Facts***

According to Plaintiff's Amended Complaint, on or about November 26, 2008, Plaintiff allegedly fell from a trailer while preparing to unload pallets. [10]. At the time, Plaintiff was working as an independent owner/operator truck driver for J.B. Hunt Transport, Inc. *Id*. Plaintiff alleges that, as a result of the fall, he injured his left knee, right knee, left upper extremity, back and neck. *Id*. Plaintiff filed a Petition to Controvert with the Mississippi Workers' Compensation Commission ("the Commission") on March 17, 2009, seeking compensation for his alleged injuries. *See Order Approving Final*

1

*Compromise Settlement and Dismissing Claim with Prejudice*, appended to J.B. Hunt's Amended Motion for Summary Judgment as part of composite Exhibit A. On December 22, 2010, the Commission entered its *Order Approving Final Compromise Settlement and Dismissing Claim with Prejudice. Id*. Pursuant to that Order, Plaintiff received a lump sum payment of $17,500.00. *Id.*

Plaintiff filed the instant lawsuit in Hinds County Circuit Court on or about April 15, 2011, originally naming as defendants National Union Fire Insurance Company of Pittsburgh, PA, Chartis Claims, Inc., and Gallagher Bassett Service, Inc. Those defendants removed the case to this Court on May 17, 2011. [1]. After receiving leave from the Court, Plaintiff amended his complaint on September 22, 2011, naming J.B. Hunt Transport, Inc., as an additional defendant. [10].

As noted in the Amended Complaint, at the time of his alleged injury, Plaintiff was an insured under Truckers Occupational Accident Insurance policy number "TRK 0009104391(A) ("Policy"). [3-1]. It is indisputable that J.B. Hunt is not a party to this contract. Plaintiff now seeks $567,500.00 in indemnity benefits, including $52,000.00 in temporary total disability benefits and $515,500.00 in continuous total disability benefits, "at least" $81,901.05 in past medical benefits and future medical expenses. His Amended Complaint sets forth the following claims for relief:

    a.      Injunctive Relief to Invalidate 104 week Maximum Benefit Period and other policy provisions that do not comply with Mississippi law;

    b.      Breach of Contract;

2

    c.      Bad Faith;

    d.      Fraud/Misrepresentation;

    e.      Negligent Infliction of Emotional Distress;

    f.      Respondeat Superior; and

    g.      Punitive Damages.

[10]. For the reasons set forth below, Plaintiff is not entitled to any relief whatsoever from J.B. Hunt, and all of his claims should be dismissed with prejudice as against J.B. Hunt.

### *Standard for Summary Judgment*

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Keszenheimer v. Reliance Standard Life Ins. Co.*, 402 F.3d 504, 507 (5th Cir. 2005) (quoting Fed. R. Civ. P. 56(c)); citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of

the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id*. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id*. at 323-24. The nonmoving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324.

### *Argument*

**A.**   **Plaintiff's claim for "injunctive relief" to invalidate the 104 week maximum benefit period under the policy is not a proper claim against J.B. Hunt.**

The first count of Plaintiff's Amended Complaint allegedly seeks "Injunctive Relief to Invalidate 104 week Maximum Benefit Period and other policy provisions that do not comply with Mississippi law." [10]. However, a plain reading of the paragraphs discussing this claim for relief make it clear that Plaintiff is actually seeking declaratory relief regarding the legality of the Policy, which is a contract into which he entered with Defendant National Fire. Specifically, "Plaintiff asks this Court to invalidate [certain] limitations under the Occupational Accident Policy, as it is inconsistent with the intent of the statute, so Plaintiff can justly receive the coverage he is entitled to as a result of the work-related injuries he suffered." There is no evidence that J.B. Hunt is a party to the subject insurance contract. As such, any effort by Plaintiff to have the insurance contract modified by this Court does not require the involvement of J.B. Hunt.

This Court has authority to grant declaratory relief pursuant to 28 U.S.C. § 2201. However, the Court may only do so when an "actual controversy" exists between the parties. *Lawson v. Callahan*, 111 F. 3d 403, 405 (5th Cir. 1997). The test for determining whether an "actual controversy' exists, as established by the United States Supreme Court in *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 512, 85 L. Ed. 826 (1941) is: whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* Here, there is no contract of insurance between Plaintiff and J.B. Hunt. As such, there is no "actual controversy" between Plaintiff and J.B. Hunt with regard to the legality or validity of the Policy.

Furthermore, to the extent that Plaintiff seeks any additional compensation from J.B. Hunt for his alleged work-related injuries or medical bills over and above that which has already been paid to him pursuant to the aforementioned workers' compensation claim, such claim must fail. As noted above, an order was entered by the Mississippi Workers' Compensation Commission approving a final compromise and settlement of Plaintiff's claim for workers' compensation benefits and dismissing that claim with prejudice. *See Order, appended as part of Exhibit A to J.B. Hunt's Amended Motion for Summary Judgment.* That Order specifically states, in pertinent part, that J.B. Hunt stands:

> fully, finally and forever discharged of any other or further liability to claimant, insofar as this workers' compensation case, MWCC No. 0902288-K-2413-E for

5

the accidental injuries sustained by claimant involving his left shoulder, right and left lower extremities, back, neck and injuries to the body as a whole while in the employ of the employer and of the effects thereof, whether known or unknown.

*Id*. at p. 4. The Order also states that:

The parties understand and agree that, as part of this **all inclusive settlement agreement**, as it relates to this workers' compensation claim the employer and carrier will continue to deny compensability of this claim and **will not be responsible for payment of any medical charges related to this alleged work injury or otherwise**.

*Id*. at p. 3. [emphasis added]. To the extent that Plaintiff seeks additional "payment of any medical charges related to [his] alleged work injury," his claims are barred by *res judicata*.

As noted in J.B. Hunt's Answer to Plaintiff's Amended Complaint, J.B. Hunt denies that Plaintiff was ever its employee. Rather, at all pertinent times, Plaintiff was an independent owner/operator who leased his truck to J.B. Hunt. This is evidenced by the fact that Plaintiff procured insurance coverage under a "Truckers Occupational Accident Insurance" policy. However, Plaintiff claims he was an employee of J.B. Hunt (which J.B. Hunt denies), and he has, in fact, received workers' compensation benefits based upon that assertion and the parties agreement to compromise that claim.

Miss. Code Ann. § 71-3-9 provides, in pertinent part, that:

The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury.

*Id*. Plaintiff has fully pursued, and exhausted, his exclusive remedy against J.B. Hunt for any benefits arising from his alleged work-related injuries. Any modification by this Court of the contract of insurance between Plaintiff and the insurer will have no effect or bearing upon J.B. Hunt. For this additional reason, Plaintiff's claim for injunctive/declaratory relief against J.B. Hunt should be dismissed.

### B.   Plaintiff's claim for breach of contract is not a proper claim against J.B. Hunt because J.B. Hunt is not a party to the subject contract.

J.B. Hunt is not a party to the Policy. Pursuant to Mississippi law, "in any suit for breach of contract, the plaintiff has the burden of proving by a preponderance of the evidence *the existence of a valid and binding contract*, *that the defendant has broken or breached it*, and that the plaintiff has suffered monetary damages as a result." *Garner v. Hickman*, 733 So.2d 191, 195 (¶14) (Miss. 1999) (citing *Warwick v. Matheney*, 603 So. 2d 330, 336 (Miss. 1992); 17A C.J.S. Contracts, § 590(d) at 1148). Plaintiff cannot assert a *prima facie* case for breach of contract against J.B. Hunt because he cannot show that there is a valid and binding contract existing between him and J.B. Hunt or that J.B. Hunt has broken or breached any such contract. As such, Plaintiff's claim for breach of contract should be dismissed as against J.B. Hunt.

Furthermore, as discussed above, Plaintiff has fully pursued, and exhausted, his exclusive remedy against J.B. Hunt for any benefits arising from his alleged work-related injuries. Also, his claims are barred by *res judicata*. For these additional reasons, Plaintiff's claim for breach of contract, and any claim seeking additional damages arising from Plaintiff's alleged work-related injury, against J.B. Hunt should be dismissed.

7

**C.     Plaintiff's claim for bad faith breach of contract is not a proper claim against J.B. Hunt because J.B. Hunt is not a party to the subject contract.**

"A necessary ingredient of a bad faith claim is the undisputed existence of some contract" between the parties. *Mississippi Farm Bureau Mut. Ins. Co. v. Todd*, 492 So. 2d 919, 944 (Miss.1986). As noted above, J.B. Hunt is not a party to the Policy. Therefore, J.B. Hunt cannot be found to have breached the terms of the Policy, and it certainly cannot be found to have breached said terms in bad faith. Contrary to the allegations set forth in Plaintiff's Amended Complaint, J.B. Hunt owed Plaintiff no duties under the Policy.

Furthermore, as noted above, it is clear that pursuant to the plain terms of the policy, no benefits would be payable under the policy to Plaintiff in any event, because Plaintiff made a claim for workers' compensation benefits for the same injuries for which he now seeks compensation under the policy. "An insured seeking to recover on a claim of bad faith must first establish the existence of coverage on the underlying claim." *Stubbs v. Mississippi Farm Bureau Cas. Ins. Co*., 825 So.2d 8, 13 (¶18) (Miss. 2002) (citing *USF & G Co. v. Wigginton*, 964 F.2d 487, 492 (5th Cir.1992)

Plaintiff's claim for bad faith must fail as against J.B. Hunt.

**D.     Plaintiff's claim for fraud/misrepresentation must fail because it lacks specificity and because the Plaintiff's exclusive remedy against J.B. Hunt, if any, is the Mississippi workers' compensation law.**

Plaintiff's Amended Complaint makes the following general allegations regarding alleged fraud/misrepresentation by J.B. Hunt and the other defendants herein:

62.   As fully set forth above,[1] Defendants promised Plaintiff coverage and used said promise to lure Plaintiff into working for Defendant J.B. Hunt, Inc., and to pay weekly premiums towards the Occupational Policy.

63.   All the while, Defendants knew that the policy in question was not adequate under Mississippi law.

64.   Defendants recklessly and without regard to the Plaintiff, falsely made these representations which lead to Plaintiff's reliance on same and resulting in his lack of medical treatment and benefits.

65.   Defendants consciously and deliberately engaged in the acts of fraud and misrepresentation alleged herein.

[10]. Fed. R. Civ. P. 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In particular, the pleadings should "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F. 3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Technologies, Inc.*, 112 F. 3d 175, 177–78 (5th Cir.1997)). Rule 9(b) requires a plaintiff to allege the existence of facts sufficient to warrant the pleaded conclusion that fraud has occurred. See *In Re Haber Oil Co.*, 12 F. 3d 426, 439 (5th Cir. 1994).

The Fifth Circuit interprets Rule 9(b) strictly, "requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Dorsey v. Portfolio Equities, Inc.*, 540 F. 3d 333, 339 (5th Cir. 2008) (quoting *Herrmann*

---

[1] No factual allegations regarding any promise regarding coverage or any luring of Plaintiff to work for J.B. Hunt are set forth above in the Amended Complaint.

*Holdings Ltd. v. Lucent Techs. Inc.*, 302 F. 3d 552, 564–65 (5ᵗʰ Cir. 2002)). Thus, Rule 9(b) generally requires the complaint to "set forth 'the who, what, when, where, and how' of the events at issue." *Id*. (quoting *ABC Arbitrage Plaintifs Grp. v. Tchuruk*, 291 F. 3d 336, 350 (5ᵗʰ Cir. 2002)).

The above passages from Plaintiff's Amended Complaint are nowhere near sufficient to particularly plead a cause of action for fraud or misrepresentation. Plaintiff fails to specify the "who, what, when, where, and how" of the purported fraud. Therefore, Plaintiff's claim for fraud/misrepresentation must be dismissed.

> **E.    Plaintiff's claim for negligent infliction of emotional distress is not based upon allegations of fact related to J.B. Hunt.**

The claim for negligent infliction of emotional distress appears to be based only upon an alleged breach of an alleged duty "to reasonable and timely administer Plaintiff Everett's Occupational Accident claim," "a deficient investigation" of that claim, alleged breaches of alleged duties "by unreasonably denying [Plaintiff's Occupational Accident] claim," and the alleged "failure to pay Everett the benefits due him." All of these alleged breaches and failures, even if true and accurate, relate to the administration and handling of Plaintiff's claim under his Truckers Occupational Accident Insurance policy. As noted *supra*, J.B. Hunt is not a party to that insurance contract, did not handle the claim for occupational benefits, and therefore owes no duties under that contract.

Furthermore, to the extent that Plaintiff has stated a cognizable claim against J.B. Hunt for negligent infliction of emotional distress, that claim is barred by the exclusivity of the Mississippi Workers' Compensation Act ("the Act"). Miss. Code Ann. § 71-3-9 (as

amended). "The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee . . . and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury." *Id*. Plaintiff sought, and recovered, compensation pursuant to the Act, thereby barring any recovery against J.B. Hunt. Plaintiff "must establish that [any alleged] egregious act was accompanied by an 'actual intent to injure' in order to except the Act's grant of exclusivity." *Franklin Corp. v. Tedford*, 18 So. 3d 215, 221 (¶7) (Miss. 2009) (citing *Blailock v. O'Bannon*, 795 So. 2d 533, 535 (Miss. 2001); *Peaster v. David New Drilling Co.*, 642 So.2d 344, 348-50 (Miss. 1994); *Griffin v. Futorian Corp.*, 533 So. 2d 461, 464 (Miss.1988)). Plaintiff's claim for negligent infliction of emotional distress, even if substantiated by proof, would not meet this burden. For this additional reason, that claim must fail.

   **F.   *Respondeat Superior* liability does not exist as to J.B. Hunt.**

   Plaintiff alleges that "Defendants are liable to Plaintiff under the theory of *respondeat superior*/vicarious liability for the actions and inactions of all agents/employees involved in the administration of benefits from the Occupational Accident Policy owed to Plaintiff." [10]. Here again, this claim relates only to the administration and handling of Plaintiff's claim under his Truckers Occupational Accident Insurance policy, and J.B. Hunt is not a party to that insurance contract, did not administer that claim, and therefore owes no duties under that contract. "Under the doctrine of *respondeat superior*, the master is liable for the acts of his servant which are

done in the course of his employment and in furtherance of the master's business."
*Children's Med. Group, P.A. v. Phillips*, 940 So. 2d 931, 935 (¶ 13) (Miss. 2006) (quoting
*Sandifer Oil Co. v. Dew*, 71 So. 2d 752, 758 (Miss 1954)). Plaintiff cannot show that any
employee or servant of J.B. Hunt took part or played any role in the administration of
benefits from the Plaintiff's Occupational Accident policy. As such, this claim must fail.
Additionally, to the extent that Plaintiff makes a claim for *respondeat superior* liability
against J.B. Hunt for any alleged negligent act of any employee or agent of J.B. Hunt,
that claim must also fail due to the exclusivity of the Mississippi Workers' Compensation
Act. Miss. Code Ann. § 71-3-9 (as amended).

### G. Punitive Damages are inappropriate herein, and Plaintiff's claim for such must be dismissed.

"It is well-settled law that '[p]unitive damages are only appropriate in the most
egregious cases so as to discourage similar conduct and should only be awarded in cases
where the actions are extreme.' " *Illinois Central R. Co. v. Broussard*, 19 So. 3d 821, 826
(¶18) (Miss. Ct. App. 2009) (quoting *Warren v. Derivaux*, 996 So. 2d 729, 738 (¶ 28)
(Miss. 2008)). The Plaintiff makes the following allegations in support of his claim for
punitive damages:

> 77.   The wrongful actions of Defendants were and continue to be so willful
> and/or grossly negligent and wanton as to show a disregard for the well
> being of others, including Plaintiff, thus giving rising to an award of
> punitive damages against the Defendants.

> 64.   [sic]. Because of the serious wrongful and wanton conduct by the
> Defendants, Plaintiff Everett seeks an award of punitive damages in such
> and amount that will deter the Defendants and others like them in the future
> from such wrongful conduct.

[10]. As noted above, Plaintiff has not made any allegation of wrongful conduct on the part of J.B. Hunt, specifically. All allegations are generally alleged against all defendants, and all allegations relate to the alleged wrongful denial of benefits under a contract of insurance, to which J.B. Hunt was not a party. There is no basis, in law or fact, for any award of any damages, much less punitive damages, against J.B. Hunt for alleged misconduct arising from alleged obligations under said contract. Plaintiff's claim for punitive damages against J.B. Hunt must fail as a matter of law.

### *Conclusion*

For the reasons set forth above, Defendant J.B. Hunt Transport, Inc., requests that this honorable Court enter summary judgment in favor of J.B. Hunt on all of Plaintiff's claims herein.

THIS the 2nd day of February, 2012.

Respectfully submitted,

**J. B. HUNT TRANSPORT, INC.**

By Its Attorneys

*DunbarMonroe, P.A.*

*/s/ David C. Dunbar*
David C. Dunbar
Morton W. Smith

13

**OF COUNSEL:**

David C. Dunbar (MSB#6227)
  dcdunbar@dunbarmonroe.com
Morton W. Smith (MSB#101646)
  msmith@dunbarmonroe.com
Roslyn N. Griffin (MSB#103317)
  rngriffin@dunbarmonroe.com
*DunbarMonroe, P.A.*
270 Trace Colony Park, Suite A
Ridgeland, Mississippi 39157
(601) 898-2073 Office
(601) 898-2074 Facsimile

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of such filing to the following:

Darryl M. Gibbs, Esq.                    dgibbs@cglawms.com
Jennie S. H. Pitts, Esq.                 jpitts@cglawms.com
Chhabra & Gibbs, P.A.
120 North Congress Street, Suite 200
Jackson, MS  39201

Edward J. Currie, Jr., Esq.              NCurrie@curriejohnson.com
William M. McKinley, Esq.                WMcKinley@curriejohncon.com
Currie Johnson Griffin Gaines & Myers, P.A.
Post Office Box 750
Jackson, MS  39205

THIS the 2nd day of February, 2012.

*/s/ David C. Dunbar*
David C. Dunbar
Morton W. Smith

14