```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION


SINCLAIR EVERETT                                         PLAINTIFF


VS.                              CIVIL ACTION NO. 3:11CV299TSL-MTP


NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURG, P.A.; CHARTIS
CLAIMS, INC., formerly known as AIG
DOMESTIC CLAIMS, INC.; GALLAGHER
BASSETT SERVICE, INC.; J.B. HUNT
TRANSPORT, INC. and JOHN AND JANE
DOES 1-10                                                DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants National Union Fire Insurance Company of Pittsburg, P.A., Chartis Claims, Inc. and Gallagher Bassett Service, Inc. (Gallagher Bassett), and the separate motion of J.B. Hunt Transport, Inc. (J.B. Hunt) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Sinclair Everett has responded to both motions and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that defendants' motions should be granted.

This case presents a dispute over coverage under a Truckers Occupational Accident Insurance policy issued by defendant National Union Fire Insurance Company of Pittsburg (NUFIC). On January 25, 2006, plaintiff entered an Independent Contractor Operating Agreement with J.B. Hunt which, as the name implies,

provided that plaintiff would be an independent contractor with J.B. Hunt.  Under the contract, plaintiff had sole financial responsibility for providing workers' compensation insurance or occupational accident insurance.  To fulfill this obligation, plaintiff had the option of either maintaining insurance himself or allowing J.B. Hunt to acquire it on his behalf and deduct the premiums from his compensation.  Everett chose to purchase coverage through J.B. Hunt, and he thus became insured under a Truckers Occupational Accident policy procured by J.B. Hunt from NUFIC.

On November 26, 2008, while working for J.B. Hunt, Everett allegedly sustained injuries when he fell from a trailer as he was preparing to unload pallets.  He initially made a claim for disability benefits under the Occupational Accident policy.  Based on his claim, which was adjusted by defendant Gallagher Bassett, NUFIC made payments for plaintiff's medical treatment for injuries to his left knee and paid temporary total disability benefits on account of these injuries through April 1, 2009.  However, NUFIC denied that additional injuries asserted by plaintiff (including to his right knee, shoulder and neck) were related to the November 26, 2008 accident and it thus declined payment of benefits related to those alleged injuries.

On March 17, 2009, while Everett's occupational accident claim was pending and benefits under that policy were being paid,

plaintiff filed a Petition to Controvert before the Mississippi Workers' Compensation Commission, asserting that he was an employee of J.B. Hunt at the time of the November 26, 2008 accident and was entitled to recover workers' compensation benefits for his injuries.  On August 20, 2009, Everett voluntarily dismissed his workers' compensation claim without prejudice.  A year later, on September 13, 2010, after obtaining new counsel, he moved to reinstate his workers' compensation claim, and a few months later he reached a settlement of his workers' compensation claim, and on December 22, 2010, Everett, joined by J.B. Hunt and its workers' compensation carrier New Hampshire Insurance Company, sought and received approval from the Commission of the settlement of his workers' compensation claim. Under the terms of the settlement approved by the Commission in an order dated December 22, 2010, plaintiff received a lump-sum payment of $17,500, which according to the Commission-approved order, represented "the entire liability of the employer and carrier to [plaintiff] under [the] workers' compensation case" for "the accidental injuries sustained by claimant [to his body] while in the employ of the employer...."

    Plaintiff filed the present action on April 15, 2011 against NUFIC, Gallagher Bassett and J.B. Hunt asserting claims for breach of contract in bad faith, fraud/misrepresentation and negligent infliction of emotional distress based on allegations that

3

defendants failed to pay him the benefits to which he is due under the terms of the NUFIC Occupational Accident policy, and as required by law.[1]

NUFIC and Gallagher Bassett have moved for summary judgment, contending that since plaintiff asserted before the Workers' Compensation Commission (MWCC or Commission) that he was an *employee* of J.B. Hunt at the time of his accident and thus entitled to benefits under the workers' compensation laws, and since he actually received workers' compensation benefits, then he is judicially estopped from recovering under the Occupational Accident policy, as that policy states:

> This policy does not cover any losses caused in whole or in part by, or resulting in whole or in part from, the following:
> ...
> 11.  any Injury for which the Insured Person is entitled to benefits pursuant to any workers' compensation law or other similar legislation.

---

[1] In addition to these claims, which are based in part on plaintiff's allegation that defendants wrongfully denied benefits for his shoulder, back and neck, and right knee injuries and wrongfully terminated payment of disability benefits at a time when he remained totally disabled, plaintiff has asserted a claim for injunctive relief, seeking to invalidate a provision in the policy establishing a 104-week maximum benefit period for medical benefits and temporary disability coverage. Plaintiff alleges this provision is inconsistent with Mississippi law governing these types of policies, and specifically Miss. Code Ann. § 71-3-5, and that defendants are thus also liable for bad faith breach of contract for failing to provide coverage under the policy that confirmed to the requirements of Mississippi law, and are liable for fraud/misrepresentation, for promising to provide appropriate coverage while knowing that the policy in question was not adequate under Mississippi law.

Judicial estoppel is a common law doctrine that "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." Hall v. GE Plastic Pacific PTE Ltd., 327 F.3d 391, 396 (5th Cir. 2003) (quoting Ergo Science, Inc. v. Martin, 73 F.3d 595, 598 (5th Cir. 1996)). "The purpose of judicial estoppel is 'to protect the integrity of the judicial process' by preventing parties from 'playing fast and loose' with the courts." In re Texas Wyoming Drilling, Inc., 647 F.3d 547, 552 (5th Cir. 2011) (quoting Brandon v. Interfirst Corp., 858 F.2d 266, 268 (5th Cir. 1988)). "It is generally invoked where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" Id. (quoting Superior Crewboats, Inc. v. Primary P & I Underwriters, 374 F.3d 330, 334-35 (5th Cir. 2004)). In this circuit, "two bases for judicial estoppel" must be satisfied before a party can be estopped. "First, it must be shown that "the position of the party to be estopped is clearly inconsistent with its previous one; and [second,] that party must have convinced the court to accept that previous position." Hall, 327 F.3d at 396 (citing Ahrens v. Perot Systems Corp., 205 F.3d 831, 833 (5th Cir. 2000)).

The record in this case establishes beyond dispute that Everett took the position before the Workers' Compensation

5

Commission that he was an employee of J.B. Hunt and as such entitled to receive workers' compensation benefits for his on-the-job injuries.  Yet in this action, Everett maintains that he was *not* an employee of J.B. Hunt and thus was *not entitled to workers' compensation benefits,* and that he was instead an independent contractor.  As these positions are manifestly inconsistent, see Miss. Code Ann. § 71-3-3(d) (defining "[e]mployee" for purposes of workers' compensation law to mean "any person ... in the service of an employer under any contract of hire or apprenticeship, ... provided that there shall be excluded therefrom all independent contractors...."), the first requirement for application of judicial estoppel is satisfied.[2]

Plaintiff argues, though, that judicial estoppel does not apply because his asserted position that he was an employee of J.B. Hunt was never "accepted" by the Workers' Compensation Commission.  In this vein, plaintiff admits he filed a claim for workers' compensation benefits for the injuries he received that

---

[2]   Plaintiff argues that his position in this case is not inconsistent with his position in the workers' compensation proceeding because the MWCC never actually found that he was an employee or found that he was entitled to workers' compensation benefits, and because in settling his claim for workers' compensation benefits, he expressly reserved his rights under the Occupational Accident policy.  However, the essential premise of his claim for workers' compensation benefits, and the settlement of that claim, was that he was an employee of J.B. Hunt.  The issue of whether the MWCC found plaintiff was an employee goes to the second requirement for judicial estoppel, not the first.

6

are the subject of this action, which claim was necessarily premised on his assertion that he was an employee of J.B. Hunt. However, he points out that his petition was dismissed without prejudice and *was never reinstated*. He notes, in fact, that while he moved for reinstatement of his workers' compensation petition in September 2010, his motion was denied by Administrative Law Judge Robert Arnold by order entered December 21, 2010. Thus, he states, on December 22, 2010, the date on which he settled his claim with J.B. Hunt and its workers' compensation carrier (New Hampshire Insurance Company), he had no pending workers' compensation claim. Rather, as he puts it, his claim for workers' compensation benefits "remained ... a baseless and *dismissed claim*" which the MWCC "did not adjudicate by compensability hearing or final hearing [on] any aspect of the claim."

Plaintiff further observes that not only did the order of the MWCC approving the settlement recite that J.B. Hunt and New Hampshire Insurance Company denied compensability of the claim, but also, "not once in the order ... is it found that Plaintiff was an *employee of J.B. Hunt*, and not an independent contractor." Everett concludes, "In reality, the order from the [MWCC] found that Plaintiff *was not entitled to benefits under the laws and rules of the Commission*." Plaintiff's position cannot be squared with the terms of the order, or with applicable law.

7

First, plaintiff's suggestion that the Commission cannot be found to have accepted his position because he had no pending workers' compensation claim before the Commission at the time of the settlement is belied by the facts, and by express provisions of the Commission's order.  Although plaintiff had previously voluntarily dismissed his petition to controvert without prejudice and his motion to reinstate had been denied by the ALJ, the ALJ's order did not become final, as the parties requested approval of their compromise settlement by the full Commission just one day after that order was entered.  <u>See</u> Miss. Code Ann. § 71-3-47 (ALJ's decision "shall be final unless within twenty (20) days a request or petition for review by the full commission is filed"). Further, in its order approving the settlement, the MWCC--which has "full power and authority to determine all questions relating to the payment of claims for compensation," Miss. Code Ann. § 71-3-47--explicitly found that it had "jurisdiction in this matter," that the case was "a proper one for disposition *under the provisions of the Mississippi Workers' Compensation Act* including the provisions of Miss. Code Ann. § 71-3-29 (1972)," and that the settlement was in the "best interest of the claimant."[3]  (Emphasis added).  The order recited that it was an "all-inclusive

---

[3]   Mississippi Code Annotated § 71-3-29 states that "lump sum settlement payments shall be governed by rules of the commission, and shall not be made except when determined to be in the best interest of the injured worker or his dependents, the commission having final authority in such questions."

8

settlement," providing for a lump-sum payment of $17,500, which represented "the entire liability of the employer and carrier to [plaintiff] *under this workers' compensation case* for [plaintiff's] alleged injuries, whether for compensation benefits, medical benefits, or any other benefits *under the terms of the Mississippi Workers' Compensation Act*." (Emphasis added). Finally, the order provided that upon payment of the $17,500, the employer and workers' compensation carrier would be forever discharged from further liability to plaintiff "*insofar as this workers' compensation case, MWCC No. 0902288-K-2413-E* for the accidental injuries sustained by claimant ... *while in the employ of the employer ....*"

It is clear from the foregoing that notwithstanding the ALJ's order denying reinstatement, the Commission, at the request of the parties to Everett's worker's compensation case, assumed jurisdiction over the *workers' compensation case*. Moreover, the Commission approved the payment of *workers' compensation benefits* to Everett for the injuries he sustained "*while in the employ*" of J.B. Hunt. By the Commission's approval of the order, plaintiff was by law adjudged a person "entitled to [workers'] compensation." See Mississippi Power & Light Co. v. Cook, 832 So. 2d 474, 480 (Miss. 2002) ("Under Miss. Code Ann. § 71-3-37(10) the Commission is entitled to approve settlements only when it is in the best interest of a 'person entitled to compensation.' Thus,

9

clearly Cook was entitled to compensation based on the settlement agreement approved by the Commission."). In short, Everett, claiming to be an employee of J.B. Hunt, sought, and received, approval of a workers' compensation settlement by the Mississippi Workers' Compensation Commission.

Similar to this case, the plaintiff in C.W. Jones v. Quick & Wiser Auto Sales, LLC, Civil Action No. 1:08CV-164-M, 2009 WL 4758750 (W.D. Ky. Dec. 8, 2009), filed a claim for workers' compensation in Tennessee as a result of injuries he claimed to have sustained while employed by the defendant, Quick & Wiser Auto Sales, LLC (Q&W). As here, the defendant argued in the workers' compensation proceeding that it was not obligated to provide workers' compensation benefits because Jones was not its statutory "employee." The parties ultimately resolved their dispute through a settlement agreement, which was approved by a Tennessee workers' compensation specialist. The plaintiff Jones thereafter filed suit against Q&W in Kentucky, arguing that he was an independent contractor rather than an employee and therefore not subject to the exclusivity provision of the Tennessee Workers' Compensation Law. Q&W argued in the later action that Jones was its employee, a position inconsistent with its position in the workers' compensation proceeding. Q&W argued that Jones, by filing a successful workers' compensation claim in Tennessee, was judicially estopped from arguing that he was anything other than

10

Q&W's employee. The court agreed that Jones was judicially estopped from arguing that he was an independent contractor, reasoning as follows:

> To satisfy the prior success requirement, there must be "judicial acceptance" of the prior inconsistent position. This would generally mean that a party is not judicially estopped from taking a position that is inconsistent with a prior proceeding where that prior proceeding is ultimately settled. However, success on the merits is not a necessary prerequisite for application of the doctrine; all that is required is "that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." [Reynolds v. Comm'r, 861 F.2d 469, 473 (6th Cir. 1988) (citing Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 599 n.5 (6th Cir. 1982)]. Therefore, where the first court is required to approve of settlements reached by the parties and does not "act as a mere rubber stamp" of those agreements, there has been sufficient "judicial acceptance" of the settlement agreement so as to invoke the doctrine of judicial estoppel. Id.; ...

Jones, 2009 WL 4758750, at 2 (additional citations omitted). The court concluded:

> ... Jones, by applying for workers' compensation benefits, necessarily asserted that he was Q&W's employee. ... Although Q&W contested whether Jones was an employee, it was Jones's position that was ultimately accepted by the Tennessee Workers' Compensation Specialist when she approved the settlement agreement providing Jones with benefits under the TWCL. Now Jones is arguing that he is not subject to the exclusivity provision of Tennessee or Kentucky's workers' compensation laws. But having successfully argued otherwise in a prior proceeding, Jones is estopped from claiming that he was not Q&W's employee.

Id. at 3.

In the court's opinion, the MWCC's approval of Everett's workers' compensation settlement with J.B. Hunt and its workers' compensation carrier satisfies the judicial acceptance requirement.[4] In this case, as in Jones, in applying for workers'

---

[4]   Although the Fifth Circuit has recognized that "settlements in *ordinary* civil cases do not require the judicial acceptance of either party's position, and judicial estoppel is therefore not warranted in a later proceeding," Prideaux v. Tyson Foods, Inc., 387 Fed. Appx. 474, 478, 2010 WL 2813813, 2 (5th Cir. 2010) (emphasis added), it has also held that the judicial estoppel doctrine may be applied whenever a party makes an argument 'with the explicit intent to induce the district court's reliance,'" Hall, 327 F.3d at 399 (quoting Hidden Oaks Ltd. v. City of Austin, 138 F.3d 1036, 1047 (5th Cir. 1998)).  Along these lines, numerous courts have recognized that a court-approved settlement is sufficient to establish judicial acceptance of a prior inconsistent position.  See, e.g., Reynolds v. Comm'r of Internal Revenue, 861 F.2d 469, 473 (6th Cir. 1988) (fact of bankruptcy court approval satisfied "judicial acceptance" requirement since "[i]n bankruptcy proceedings, as distinguished from ordinary civil cases, any compromise between the debtor and his creditors must be approved by the court as fair and equitable"); see also Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 604 (9th Cir. 1996)(although prior claim for workers' compensation disability benefits did not result in an award by the workers' compensation board but rather a settlement agreement with the employer's insurer, court held that board's approval of the settlement agreement was sufficient to constitute "prior success" on plaintiff's claim that she was totally disabled, which was inconsistent with her position in later ADA lawsuit that she was capable of performing work).
  Under the law, the MWCC approval of the settlement was required, and the Commission was authorized to approve the lump sum settlement only if it determined that the settlement was in the best interest of the injured worker or his dependents.  See Miss. Code Ann. § 71-3-29, supra note 8; § 71-3-37(10) ("The commission shall be the sole judge as to whether or not a lump-sum payment shall be to the best interest of the injured worker or his dependents."); see also 82 Am. Jur. 2d Workers' Compensation § 511 (2012)(stating that "[a] settlement of a compensation claim which has been approved as required by the workers' compensation statute operates as an adjudication of the facts agreed upon in the settlement, including the employer's obligation to pay

12

compensation benefits and in thereafter seeking and securing MWCC approval of the settlement providing for J.B. Hunt's payment of workers' compensation benefits, plaintiff necessarily asserted he was J.B. Hunt's employee and entitled to workers' compensation benefits.  Having successfully asserted this position in the prior proceeding, he is judicially estopped from taking a contrary position in this cause.  It follows that NUFIC, Chartis Claims and Gallagher Bassett are entitled to summary judgment since each of plaintiff's claims against them is grounded on the factual premise that plaintiff is entitled to recover benefits under the Occupational Accident policy, and yet that policy excludes coverage for "any Injury for which the Insured Person is entitled to benefits pursuant to any workers' compensation law."[5]

---

compensation, [and] has the same force and effect as an award made after a full hearing....").

[5]   In the court's opinion, the fact that the order approving the settlement recited that Everett specifically "reserved all causes of action, if any, against the employer and their Occupational Accident Carriers concerning the November 26, 2008 incident other than the workers' compensation claim" does not preclude application of judicial estoppel.  The MWCC did not find that Everett had a right of recovery under the Occupational Accident policy but merely allowed him to reserve "all rights of action, *if any*," he might have against these defendants.  Given that he recovered a MWCC-approved workers' compensation settlement based on his assertion that he was entitled to such benefits as an employee of J.B. Hunt, he is estopped from claiming herein that he was not entitled to recover workers' compensation benefits as an employee of J.B. Hunt and he thus has no viable claim under or based on the Occupational Accident policy.

In the court's opinion, it also follows that J.B. Hunt is entitled to summary judgment.  Plaintiff has received workers' compensation benefits for his alleged work-related injuries based on his alleged status as an employee and is barred from further recovery against J.B. Hunt.  See Miss. Code Ann. § 71-3-9 ("The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee ... from such employer on account of such injury."); see also Wingerter v. Brotherhood Prods., Inc. ,822 So. 2d 300, 303 (Miss. Ct. App. 2002) (claimant entitled to workers' compensation may not collect on tort claim against employer).[6]

Based on the foregoing, it is ordered that defendants' motions for summary judgment are granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 9th day of March, 2012.

    /s/ Tom S. Lee
    UNITED STATES DISTRICT JUDGE

---

[6] In the court's opinion, even if plaintiff were not estopped from proceeding against J.B. Hunt by virtue of his workers' compensation settlement, this defendant would still be entitled to summary judgment for each of the various reasons asserted in J.B. Hunt's motion.